UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| JEFFREY M. STAPLETON, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Case No. |
| ) | 5:18-cv-504-JMH-MAS |
| ) | |
| V. ) | |
| ) | |
| SEVILLA VICENTE, *et al.*, ) | **AMENDED MEMORANDUM** |
| ) | **OPINION AND ORDER** |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter comes before the Court on Costa Farms, LLC's ("Costa Farms") Motion for Summary Judgment. [DE 82]. Having considered the matter fully, and being otherwise sufficiently advised, Costa Farms' Motion for Summary Judgment [DE 82] will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2018, Plaintiff Jeffrey M. Stapleton was driving a tractor trailer on I-75 in Madison County, Kentucky when he and Defendant Sevilla Vicente, who was operating a separate tractor trailer ("the truck"), collided with one another. [DE 85, at 1-2]. Jeffrey Stapleton alleges Vicente was either driving at a dangerously slow rate of speed or was stopped in the middle of the road and allegedly did not display brake lights or other lights to warn other drivers that the vehicle was slowing or stopping. [DE 85, at 2 (citing DE 85-1)]. After the collision, Jeffrey

Stapleton's tractor trailer caught fire, and he suffered several serious injuries. *Id*.

Following the accident, Jeffrey Stapleton and his wife, Beatrice Stapleton, filed the present action against Vicente, the driver, Shekhyna Truck, Inc., the owner of the truck, Blue Ocean Logistics Corp. ("Blue Ocean"), the carrier of the cargo, Costa Farms, the owner of the cargo, PM Transport, the broker that hired Blue Ocean to transport the cargo, and DMG Truck Repair Corporation, a company that allegedly repaired the truck prior to the accident. [DE 82-1 at 4; DE 85, at 2]. The matter currently before the Court concerns Stapleton's claims against the owner of the cargo, Costa Farms. Costa Farms was added to this case as a Defendant in the Amended Complaint [DE 25], and it remains a Defendant in the Second Amended Complaint [DE 70], which alleges Costa Farms is both joint and severally liable for Vicente's negligence and negligent for not ensuring the truck and Vicente were in compliance with state statutes and Federal Motor Carrier Regulations despite having a duty to do so. [DE 70, at 5-6; 9-10]. The Stapletons claim Costa Farms is liable for loss of consortium on behalf of Beatrice Stapleton, damages related to Jeffrey Stapleton's medical expenses and lost wages, and punitive damages. [DE 70, at 12-13]. On October 9, 2019, Costa Farms filed the present Motion for Summary Judgment [DE 82], which shall be discussed further herein.

## **II. STANDARD OF REVIEW**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated another way, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pennington,* 553 F.3d at 450 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

The Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id.*

4

**III. DISCUSSION**

Costa Farms moves for summary judgment, asking the Court to dismiss each of the Stapletons' claims. [DE 82; DE 82-1]. Costa Farms argues that it cannot be held liable for the negligence of an independent contractor and that Kentucky does not recognize a cause of action for the negligent hiring of an independent contractor. [DE 82-1, at 5-9]. In response, the Stapletons contest that Costa Farms is liable for Jeffrey Stapleton's injuries based on a theory of direct negligence. [DE 85, at 4]. Specifically, the Stapletons assert that Costa Farms should be held liable for negligently selecting an "unfit broker" to transport its cargo and allowing an "unfit tractor trailer" to leave its premises with its cargo. *Id.* Each of Costa Farms' arguments will be discussed in turn.

**A. COSTA FARMS' LIABILITY FOR THE NEGLIGENCE OF AN INDEPENDENT CONTRACTOR**

Generally, an employer will not be held liable for the negligence of an independent contractor. *Miles Farm Supply v. Ellis*, 878 S.W.2d 803, 804 (Ky. Ct. App. 1994); *Smith v. Gennett*, 385 S.W.2d 957, 958 (Ky. 1964). However, liability for the actions of the independent contractor will extend to the employer in certain situations. If the work performed by the independent contractor is an "inherently dangerous activity," then the employer will be held liable for any injury that occurs due to the

5

independent contractor's negligence. *Ellis*, 878 S.W.2d at 804. However, if the work performed by the independent contractor is work that could usually be performed without any type of injury, then no liability will attach to the employer should an injury occur. *Id.* at 805. It must also be proven that a foreseeable injury was likely to result from the work performed by the contractor. *Id.* (citing *Jennings v. Vincent's Adm'x*, 145 S.W.2d 537 (Ky. 1940); *City of Hazard Municipal Housing Commission v. Hinch*, 411 S.W.2d 686 (Ky. 1967)).

In the present case, the Stapletons do not dispute that Vicente and Blue Ocean were independent contractors of Costa Farms. *See* [DE 85, at 4-7]. Since the allegedly negligent parties, Vicente and Blue Ocean, were independent contractors, their negligence is not attributable to Costa Farms if "the work involves a special danger to others . . . ," meaning "[i]t must either be a nuisance or be inherently dangerous." *Courtney v. Island Creek Coal Co.*, 474 F.2d 468, 469-70 (6th Cir. 1973) (citing *Jennings*, 145 S.W.2d 537 (Ky. 1940); *Hinch*, 411 S.W.2d 686 (Ky. 1967); *Olds v. Pennsalt Chemicals Corporation*, 432 F.2d 1033 (6th Cir. 1970)). The Stapletons fail to argue that the transportation of cargo is either inherently dangerous or a nuisance, so this exception to the general rule is inapplicable to this case.

However, the Stapletons argue, "Costa Farms does not escape liability for this collision by simply arguing it hired an

6

independent contractor." [DE 85]. Indeed, hiring a third party does not automatically relieve an employer of liability in all circumstances. "[O]ne cannot avoid liability for the breach of a statutory duty by claiming to have delegated the performance of that duty to an independent contractor." *Saint Joseph Healthcare, Inc. v. Thomas*, 487 S.W.3d 864, 876 (Ky. 2016); *see also Brown Hotel Co., Inc. v. Sizemore*, 197 S.W.2d 911, 913 (Ky. 1946); *Williams v. Kentucky Dept. of Educ.*, 113 S.W.3d 145, 151-52 (Ky. 2003). Such duties can arise from federal or state law. In *Hercules Powder Co. v. Hicks*, 453 S.W.2d 583 (Ky. 1970), the Supreme Court of Kentucky, relied on the following from Section 411, Restatement of Torts 2d, which provides a simplified explanation of employer liability as it pertains to third parties:

> 'An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons.'

In the present case, in their Response [DE 85, at 8], the Stapletons assert that Costa Farms had a duty "to prevent the tractor trailer with obvious defects from leaving its premises." Likewise, in the Second Amended Complaint [DE 70, at 9], the Stapletons allege the following:

> Defendants PM Transport and Costa Farms had a duty to ensure that the 2007 Freightliner and its driver, Defendant Vicente, were in full compliance with both

7

> state statutes and Federal Motor Carrier Regulations and were under a duty to ensure the safe operation of the 2007 Freightliner on the public highway while said Freightliner was in furtherance of their business dealings.

However, as Costa Farms correctly states, "Such a belief is not supported by the Federal Motor Carrier Safety Act ("FMCSA") or Kentucky law . . . ," and "Plaintiffs cite to no legal authority that places such a duty on a Shipper." [DE 87, at 1-2]. Without such a duty, Costa Farms cannot be held liable for the actions of an independent contractor.

### B. NEGLIGENT HIRING OF AN INDEPENDENT CONTRACTOR

While the Stapletons' Second Amended Complaint [DE 70, at 11-12] did not include Costa Farms in "Count VII, Negligent Hiring, Training, Supervision, Retention and Entrustment," their Response [DE 85, at 4] alleges, "Costa Farms is negligent due to its selection of an unfit broker to arrange the transport its load and to allow the unfit tractor trailer to leave its premises with its foliage."

Although Kentucky has recognized a valid cause of action for the negligent hiring of employees, the state courts in Kentucky have declined to apply this theory to independent contractors. *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998). In *Smith v. Kentucky Growers Insurance Co.*, 2001-CA-001624-MR, 2002 WL 35628958, at *2 (Ky. Ct. App. Nov. 1, 2002), the Kentucky Court of Appeals was given the opportunity to extend the

8

application of negligent hiring to include independent contractors but declined to do so. Therefore, to the extent the Stapletons are attempting to support their negligence and vicarious liability claims against Costa Farms by arguing Costa Farms was negligent because it selected PM Transport, the broker, which led to Vicente's alleged negligence down the line, such a claim fails under Kentucky law.

## IV. CONCLUSION

For the foregoing reasons, each of the claims against Costa Farms should be dismissed. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant Costa Farms, LLC's Motion for Summary Judgment [DE 82] is **GRANTED;**

(2) All claims against Defendant Costa Farms, LLC are **DISMISSED WITH PREJUDICE;** and

(3) This dismissal does not apply to the other Defendants in this matter.

This 29th day of December, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge