UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| JEFFREY M. STAPLETON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Case No. |
| ) | 5:18-cv-504-JMH-MAS |
| V. ) | |
| ) | |
| SEVILLA VICENTE, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter comes before the Court on Defendant PM Transport of Florida LLC's ("PM Transport") Motion to Dismiss Second Amended Complaint [DE 95] requesting that the Court dismiss the claims against PM Transport without prejudice. Having considered this matter fully, and being otherwise sufficiently advised, PM Transport's Motion to Dismiss [DE 95] will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2018, Plaintiff Jeffrey M. Stapleton was driving a tractor trailer on I-75 in Madison County, Kentucky when he and Defendant Sevilla Vicente, who was operating a separate tractor trailer ("the truck"), collided with each other. Following the accident, Jeffrey Stapleton and his wife, Beatrice Stapleton, filed the present action against Vicente, the driver, Shekhyna Truck, Inc., the owner of the truck, Blue Ocean Logistics Corp. ("Blue Ocean"), the carrier of the cargo, Costa Farms, the owner

of the cargo, PM Transport, the broker that hired Blue Ocean to transport the cargo, and DMG Truck Repair Corporation, a company that allegedly repaired the truck prior to the accident. [DE 1-1; DE 25; DE 70].

The matter currently before the Court concerns the Stapletons' claims against PM Transport, which was added to this case as a defendant in the August 26, 2019, Second Amended Complaint [DE 70]. The Second Amended Complaint alleges PM Transport is joint and severally liable for Vicente's alleged negligence and negligent for not ensuring the truck and Vicente were in compliance with state statutes and Federal Motor Carrier Regulations despite having a duty to do so. [DE 70, at 5-6; 9-10]. The Stapletons claim PM Transport is liable for loss of consortium on behalf of Beatrice Stapleton, damages related to Jeffrey Stapleton's medical expenses and lost wages, and punitive damages. [DE 70, at 12-13]. On April 8, 2020, PM Transport filed the present Motion to Dismiss [DE 95], which shall be discussed further herein.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### III. DISCUSSION

Pursuant to Rule 12(b)(6), PM Transport moves to dismiss the Stapletons' claims against PM Transport for the following reasons: (1) the Stapletons' claims against PM Transport are barred by the applicable statute of limitations, and the claims do not relate back; and (2) the Stapletons failed to meet the 90-day service deadline found in Federal Rule of Civil Procedure 4(m). [DE 95, at 3-6]. The Court will consider each of PM Transport's arguments in turn, starting with its argument regarding Rule 4(m).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This "'gives the Court discretion to dismiss the action or allow Plaintiffs additional time'" to perfect service. *Raniero v. UPS Ground Freight, Inc.*, No. 16-230-DLB-CJS, 2017 WL 5075245, at *1 (E.D. Ky. Nov. 3, 2017) (quoting *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (2011)). However, this discretion is eliminated if the plaintiff can meet its burden of showing "good cause" for the delay in filing. *Id.* (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Specifically, Rule 4(m) states, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, the Stapletons concede that they failed to perfect service on PM Transport in the required 90-day period. [DE 96, at 3-4]. PM Transport asserts that the summons was filed after 177 days and served after 206 days of the Stapletons filing the Second Amended Complaint [DE 70], which added PM Transport as a defendant. [DE 95, at 5]. Therefore, unless the Stapletons have satisfied their burden of showing good cause for the delay, the Court has

4

discretion to dismiss this case or allow the delay in perfecting service.

The Stapletons have not satisfied their burden of showing good cause for the delay in perfecting service on PM Transport. While "good cause" is not defined by 4(m), "the Sixth Circuit has required 'at least excusable neglect'" to meet the good cause standard. *Bradford*, 767 F. Supp. 2d at 754 (citing *Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000)). Neglect is defined by the Sixth Circuit as when "the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citation omitted). Whether neglect is considered excusable is an equitable decision that accounts for the "circumstances surrounding the party's omission" in light of several factors. *Id.* These factors include "(1) the danger of prejudice to the [non-moving party], (2) the length of delay and its impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith." *Bradford*, 767 F. Supp. 2d at 754 (citing *Turner*, 412 F.3d at 650). Further, "[t]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Turner*, 412 F.3d at 650.

"'[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice'" to meet this strict, good cause standard under Rule 4(m). *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). In *DeLong v. Arms*, the court explicitly held that "mere oversight" by counsel was not sufficient to constitute good cause. 251 F.R.D. 253, 255 (E.D. Ky. 2008). The Sixth Circuit recognizes that a "counsel's inadvertent failure . . . to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (citations omitted).

In the present case, the Stapletons did not serve PM Transport on time because the Stapletons "mistakenly believed service had already been issued concurrently with the entering of the Order to Amend adding PM Transport as a party." [DE 96, at 4]. The Stapletons state, "Upon discovering this mistake, Plaintiffs issued a summons and effected service." *Id*. The Stapletons further added, "Plaintiffs argue the inadvertent oversight caused no prejudice to PM Transport and, considering that counsel for Costa Farms is the same counsel filing the Motion to Dismiss on behalf of PM Transport, Plaintiffs would argue that PM Transport was on notice." *Id.* (citing *Delong*, 251 F.R.D. at 255). The Stapletons failed to comply with the Rule 4(m) service deadline due to an

**6**

admitted mistake or oversight, and their mistake or oversight does not rise to the level of good cause. Therefore, the Court will find no good cause is established and may use its discretion to dismiss the Stapletons' claims against PM Transport under Rule 4(m) without prejudice for failure to effect service.

However, this Court has previously outlined several factors to assist in deciding whether dismissal is appropriate, so the Court will consider those factors before deciding whether to dismiss the claims against PM Transport. These factors also point toward dismissal and include:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Hatton v. Nationwide Mutual Ins. Co.*, No. 5:19-cv-020-JMH, 2019 WL 3219149, at *4 (E.D. Ky. July 17, 2019).

While the first factor could be considered moot since service has now been perfected, if an extension had been given, it would have been a significant extension of time. This favors dismissal. Instead of perfecting service within the 90 days as required by Rule 4(m), the Stapletons perfected service 206 days after adding PM Transport as a party. [DE 95, at 5]. In *Belhasen v. Hollon*, the

7

court found dismissal appropriate where the plaintiff perfected service 180 days after filing the complaint. 17-279-DLB, 2018 WL 2347067, at *3 (E.D. Ky. May 23, 2018); *see also Raniero*, 2017 WL 5075245, at *1 (finding dismissal appropriate where plaintiff perfected service 254 days after filing the complaint). Therefore, the Stapletons perfecting service 206 days after filing the relevant Second Amended Complaint [DE 70] weighs in favor of dismissal.

Second, if the Court fails to dismiss this case, PM Transport would be prejudiced to an extent greater than the inherent prejudice of having to continue the suit. In *Hatton*, where the plaintiff missed the 4(m) deadline and would be unable to refile due to the running of the statute of limitations, the court explained, "[T]he determination on dismissal versus permitting late filing may determine whether [defendant] must defend this action at all. This case is not one where dismissal without prejudice will simply allow the [plaintiffs] to refile the action against [defendant]." 2019 WL 3219149, at *4. Under this reasoning, the *Hatton* Court held that the defendant would be prejudiced if the court did not dismiss the action and found that this weighed in favor of dismissal. *Id.*

Likewise, allowing late filing in the present case would prejudice PM Transport by requiring it to defend against claims

8

that would likely otherwise be barred from being refiled by the statute of limitations.[1] Therefore, the second factor also weighs in favor of dismissal.

Third, even though PM Transport may have had actual notice of the lawsuit through its counsel, this is not enough to prevent dismissal. In *Turner*, the Sixth Circuit reviewed the district court's dismissal of plaintiff's complaint for missing the Rule 4(m) service deadline. 412 F.3d at 650. While the Sixth Circuit recognized that defendant's attorney had knowledge of the suit prior to the service deadline, the Sixth Circuit still held that the lower court did not abuse its discretion in dismissing plaintiff's complaint for failure to meet the Rule 4(m) service deadline. *Id.* It reasoned that "[i]f the magistrate judge was compelled to [allow late service] in these circumstances, then it is unclear how the 120 day service rule ever could be enforced." *Id.* Furthermore, when the plaintiff in *Raniero* argued that dismissal for failing to meet the 4(m) deadline was inappropriate since the "Defendant . . . ha[d] not been prejudiced by the delay because he was aware of the action despite not having been served," the *Raniero* Court held, "Plaintiff's arguments are unpersuasive and unsupported by established precedent." 2017 WL 5075245, at *2.

---

[1] Though the applicable statute of limitations period is contested, even the longest period argued of two years has now lapsed.

**9**

Similarly, even if the Stapletons are correct that PM Transport's counsel knew of the suit against PM Transport due to counsel also representing Defendant Costa Farms, the decisions in *Raniero* and *Turner* implore the Court to dismiss the Stapletons' claims against PM Transport despite PM Transport having knowledge of the suit. Therefore, the Court is still compelled to dismiss the claims against PM Transport despite its counsel allegedly having knowledge of the claims against PM Transport.

Fourth, the Court should consider whether the Stapletons will be prejudiced by dismissal. While the Stapletons being unable to refile after dismissal due to the running of the statute of limitations is prejudicial to the Stapletons, courts have repeatedly reasoned that "merely being time-barred from refiling an action is not, on its own, necessarily a compelling reason to extend the time to execute service" and have held that a plaintiff's claim should be, nevertheless, dismissed for failure to perfect service under Rule 4(m). *See Bradford*, 767 F. Supp. 2d at 757. For example, in *Friedman*, the Sixth Circuit held, "Despite the severity of such a result, dismissal is nevertheless warranted." 929 F.2d at 1158. Moreover, when faced with a plaintiff who missed the Rule 4(m) service deadline due to oversight, the Court in *Arms* likewise held that "the claims against the . . . Defendants are dismissed" even though plaintiff would be barred

from refiling by the statute of limitations. 251 F.R.D. at 255. As stated by the *Raniero* Court, the fact that the statute of limitation has expired "is insufficient to warrant exercise of the Court's discretion" to extend the Rule 4(m) service deadline. 2017 WL 5075245, at *2. Further, "even if the [Plaintiffs] would be prejudiced by dismissal . . . they are largely responsible" for causing such prejudice by missing the service deadline by their own mistake or oversight. *Hatton*, 2019 WL 3219149, at *5. Therefore, like the previously mentioned courts, this Court is not persuaded to extend the 4(m) deadline, even though the Stapletons would likely be prejudiced to the extent of being prevented from refiling by the statute of limitations.

Fifth, while the Stapletons may have made a good faith effort to perfect service after the Rule 4(m) service deadline had passed, like *Hatton*, "it does not appear counsel made a good faith effort to ensure that the service would be made within the ninety-day period outlined in Rule 4(m). As a result, the fifth factor weighs in favor of dismissal in this action." *Id.* For the foregoing reasons, each of the claims against PM Transport will be dismissed. Since the Court is dismissing the Stapletons' claims against PM Transport due to the Stapletons' failure to properly effectuate service on PM Transport, the Court need not consider PM Transport's

11

arguments regarding whether the Stapletons' claims against PM Transport are time-barred. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant PM Transport of Florida LLC's ("PM Transport") Motion to Dismiss Second Amended Complaint [DE 95] is **GRANTED**;

(2) The Stapletons' claims against Defendant PM Transport are **DISMISSED WITHOUT PREJUDICE**; and

(3) This dismissal does not apply to the other Defendants in this matter.

This 31st day of March, 2021.



Signed By:
Joseph M. Hood
Senior U.S. District Judge